

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSHDY MIKHAEL,<br>　　　　　　　　　*Plaintiff*<br><br>　　　v.<br><br>SMG AUTOMOTIVE HOLDINGS LLC d/b/a, BROOKLYN CHRYSLER JEEP DODGE RAM, STELLANTIS NORTH AMERICA, INC., and STK LOGISTICS INC. d/b/a STK AUTO,<br>　　　　　　　　　*Defendants.* | Case No.: 1:25-cv-06379-EK-TAM<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant STK Logistics Inc. d/b/a STK Auto ("STK" or "Defendant") by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses in response to the Complaint filed by Roshdy Mikhael ("Plaintiff") and hereby states as follows:

### THE PARTIES

1.　Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

2.　Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

3.　Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

4.　Defendant admits that it is a corporation formed in New York that does business under the name STK Auto.

1

5. Defendant admits that STK Auto leases motor vehicles and has its principal place of business at 611 Midland Avenue, Staten Island, New York 10306.

## JURISDICTION AND VENUE

6. The allegations in this Paragraph are conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations set forth in this Paragraph.

7. The allegations in this Paragraph are conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations set forth in this Paragraph.

8. The allegations in this Paragraph are conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations set forth in this Paragraph.

## STATUTORY FRAMEWORK

9. The allegations in this Paragraph are conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations set forth in this Paragraph.

## BACKGROUND

10. Defendant admits the allegations contained in this paragraph.

11. The allegations in this paragraph are too vague and ambiguous to permit Defendant to either admit or deny same.

12. Defendant denies that it was paid $4,000 as a down payment.

13. Defendant directs the Court to the document that speaks for itself and denies the allegations in this Paragraph.

14. Defendant directs the Court to the document that speaks for itself and denies the allegations in this Paragraph.

15. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

16. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph and denies same insofar as they contain allegations relating to STK's conduct.

17. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

18. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

19. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

20. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

21. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

22. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

23. Defendant denies the allegations contained in this paragraph.

## CLAIM ONE

24. Defendant repeats its answers to the allegations contained in the preceding paragraphs as if fully set forth herein.

4936-4899-3417, v. 1

25. Defendant has insufficient knowledge to either admit or deny the allegations contained in this paragraph.

26. Defendant directs the Court to the document that speaks for itself but has insufficient knowledge to either admit or deny the allegations contained in this paragraph since Defendant was not a party to the lease.

27. The allegations in this Paragraph are conclusions of law to which no response is required.

28. The allegations in this Paragraph are conclusions of law to which no response is required.

29. The allegations in this Paragraph are conclusions of law to which no response is required.

## CLAIM TWO

30. Defendant repeats its answers to the allegations contained in the preceding paragraphs as if fully set forth herein.

31. The allegations in this Paragraph are conclusions of law to which no response is required.

32. Defendant denies the allegations contained in this paragraph.

33. The allegations in this Paragraph are conclusions of law to which no response is required.

34. Defendant denies the allegations contained in this paragraph.

## CLAIM THREE

35. Defendant repeats its answers to the allegations contained in the preceding paragraphs as if fully set forth herein.

4936-4899-3417, v. 1

36. The allegations in this Paragraph are conclusions of law to which no response is required.

37. Defendant denies the allegations contained in this paragraph.

38. Defendant denies the allegations contained in this paragraph.

39. Defendant denies the allegations contained in this paragraph.

40. Defendant repeats its answers to the allegations contained in the preceding paragraphs as if fully set forth herein.

41. The allegations in this Paragraph are conclusions of law to which no response is required.

42. STK admits that it issued a receipt to Defendant acknowledging receipt of $4,000.

43. Defendant denies the allegations contained in this paragraph.

44. Defendant admits that Plaintiff paid Defendant $4,000.

45. Defendant denies the allegations contained in this paragraph.

**WHEREFORE**, Defendant demands judgment against Plaintiff as follows:

(i) Dismissing with prejudice each and every Claim of the Complaint and prayer for relief set forth in the Complaint;

(ii) Denying Plaintiff's demand for any and all damages, including but not limited to, actual damages, compensatory damages, incidental and consequential damages, statutory damages, refund, rescission, restitution, interest, attorneys' fees and costs, and any other equitable relief sought;

(iii) Awarding Defendant costs of suit and attorney's fees, and for such other and further relief as the Court may deem just and proper.

4936-4899-3417, v. 1

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Any damages allegedly sustained by Plaintiff were the result of acts not under the control of Defendant or/were acts committed by others for which Defendant bears no responsibility.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by his failure to mitigate the alleged damages.

### Fourth Affirmative Defense

Plaintiffs are barred from recovery insofar as Defendant always acted in good faith and in accordance with applicable law and industry practices.

### Fifth Affirmative Defense

Defendant was not a party to the lease agreement and did not prepare, control, or issue the lease disclosures that form the basis of the Consumer Leasing Act claim.

### Sixth Affirmative Defense

Any recovery by Plaintiff must be reduced or barred by the comparative fault, negligence, acts, or omissions of Plaintiff and/or other defendants or third parties, including with respect to vehicle condition, disclosures, servicing, and repairs alleged in the Complaint.

### Seventh Affirmative Defense

Plaintiff's award, if any, must be reduced or offset by amounts he received from any source, including rebates, credits, or benefits related to the vehicle or lease, and by any value conferred by defendants.

### Eighth Affirmative Defense

Plaintiff's equitable claims, including money had and received, are barred by the express written lease contract between to which Plaintiff was a party, which lease governs the subject matter of the dispute.

### Ninth Affirmative Defense

Plaintiff's equitable claims for restitution are barred because Plaintiff voluntarily authorized payments with knowledge of the pertinent facts and lease terms.

### Tenth Affirmative Defense

Defendant denies responsibility for the acts or omissions of co-defendants and denies any agency, partnership, joint venture, or alter ego relationship with them.

### Eleventh Affirmative Defense

Plaintiff's tort-based claims seeking purely economic losses are barred in whole or in part by the economic loss doctrine where contractual remedies govern.

### Twelfth Affirmative Defense

As to defect and warranty allegations, plaintiff's claims are barred or stayed under doctrines of primary jurisdiction and/or failure to exhaust warranty procedures against the warrantor.

### Thirteenth Affirmative Defense

To the extent any claim sounds in misrepresentation, Plaintiff fails to plead reliance, causation, and damages with requisite specificity, and any alleged statements by Defendant were non-actionable opinions or puffery.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by accord and satisfaction, waiver, ratification, and/or estoppel based on Plaintiff's conduct following the transaction, including continuing use, acceptance, and interactions regarding service.

### Fifteenth Affirmative Defense

Defendant did not unlawfully retain any funds of Plaintiff and any payment to Defendant was for legitimate services rendered and not unjust.

### Sixteenth Affirmative Defense

Plaintiff has suffered no cognizable damages proximately caused by Defendant's conduct

### **RESERVATION OF DEFENSES**

At the time of filing this Answer, discovery has not begun. Defendant deserves the right to interpose further defenses as continuing investigation and discovery reveals.

> Respectfully submitted,
>
> OGC SOLUTIONS LLP
>
> */s/ Steven C. DePalma*
> Steven C. DePalma
> 1 Gatehall Drive, Suite 100
> Parsippany, New Jersey 07054
> sdepalma@ogcsolutions.com
>
> *Attorneys for Defendant STK Logistics Inc.*

Date:   January 20, 2026

4936-4899-3417, v. 1

4936-4899-3417, v. 1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2026, a true and correct copy of the foregoing was filed using the Court's CM/ECF system and served upon the parties below through the Court's CM/ECF system and by email:

>David Kasell, Esq.
>Kasell Law Firm
>1038 Jackson Ave., #4
>Long Island City, N.Y. 11101
>dkasellesq@gmail.com
>
>*Attorneys for Plaintiff*

>>*/s/ Steven C. DePalma*

Dated: January 20, 2026

4936-4899-3417, v. 1